RECEIPT # ____
AMOUNT $ 150.00
SUMMONS ISSUED yes
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. Kim Abaud
DATE 12-8-03

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2003 DEC -8 A 10: 31
U.S. DISTRICT COURT
DISTRICT OF MASS.

Gary Jacquet
Petitioner
v.
Bruce Chadbourne,
Interim Field Director
US Bureau of Immigration
and Custom Enforcement

PETITION FOR HABEAS CORPUS

03-12457DPW

MAGISTRATE JUDGE Dein

**PARTIES**

The Petitioner, Gary Jacquet is a resident of Massachusetts, and is presently in the custody of the U.S. Bureau of Immigration and Customs Enforcement, at the Suffolk County House of Corrections, Boston, MA.

The Respondent, Bruce Chadbourn, is the Interim Field Director for the U.S. Bureau of Immigration and Custom Enforcement, District of Massachusetts.

**JURISDICTION**

Jurisdiction is granted to the United States District Court pursuant to 28 U.S.C. sec. 2241. The Writ of habeas corpus can extend to any prisoner who is in custody "in violation of the constitution or laws or treaties of the United States." 28 U.S.C. Sec. 2241(c)(3).

The motion for a stay is denied, as petitioner is not likely to succeed with his argument that the BIA's denial of equitable tolling was an abuse of discretion. Rya W. Zobel, J. 12/9/03

## ISSUE

Whether the Bureau of Immigration and Customs Enforcement may constitutionally detain and enforce an order of removal where such order was a direct result of Ineffefctive Assistance of Counsel.

## FACTS

Gary Jacquet (hereinafter, Respondent), a native and citizen of Haiti, applied for Asylum, Witholding of Removal and relief under the Convention against Torture on account of political opinion and membership in a political social group.

In a decision dated September 21, 2001, Immigration Judge Thomas M. Ragno denied Respondent's applications. Respondent subsequently appealed the Immigration Judge's September 21, 2001 decision to the Board of Immigration Appeals, by virtue of Respondent's prior counsel, Harvey J. Bazile, Esq. Having submitted Respondent's Notice of Appeal to the Board of Immigration Appeals.

Respondent's prior Counsel, Harvey J. Bazile., also filed a two page brief on behalf of Respondent in connection with Respondent's appeal to the Board of Immigration Appeals. Thereafter, in a decision dated December 27, 2002, the Board of Immigration Appeals dismissed Respondent's appeal, concluding that Respondent "Failed to establish that he suffered past persecution....or that he possesses a well-founded fear of future persecution if he returns to haiti.

On October 22, 2003, the The Board of Immigration Appeals denied Respondent's Motion to Reopen, and specifically refused to toll the time and numerical limitations on motions to reopen.

A second Motion to Reopen has been filed with the Board of Immigration Appeals which alleges ineffective assistance of Counsel for failure to notify the Petitioner of the Denial of his Appeal within the 30 day time limit, thereby preventing Petitioner's ability to seek review in the U.S. Court of Appeals.

**ARGUMENT**

The Petitioner Moves this Honorable Court to grant his request for habeas relief and STAY the Deportation pending the outcome of the Motion to Reopen, filed with the Board of Immigration Appeals. The Petitioner also seeks review of the BIA decision not to equitably toll the filing deadline on the Motion to Reopen. Jobe v. INS 238 F.3d. 96 (1Cir. 2001)

The Standard for Stay's of Deportation are the same as that required for preliminary Injunctions. Ralph v. Lucent Technologies, 135 F.3d. 166, 167-68 (1st. Cir. 1999). Here the Petitioner has significant risks of irreparable harm if the injunction is withheld because he will lose the jurisdiction of this Court relative to his Petition for Habeas Corpus provided by 28 U.S.C. 2241 and the pending Motion to Reopen before the Board of Immigration Appeals. Petitioner has a substantial likelihood of success on the Merits; there exists a favorable balance of the hardship to the petitioner without any undue burdening delay to the Bureau of Immigration and Customs Enforcement and there exists a public benefit to adjudicate the issues which the Petitioner raises in this Circuit.

For the reasons set forth above, this Court should allow the stay request, and all other relief that is appropriate with this action.

Respectfully Submitted,

The Respondent,
By His Attorney,

12/8/03

STEPHEN A. LAGANA, ESQ.
Lagana & Associates
145 Essex Street
Lawrence, MA. 01841
978-794-2331

LAW OFFICES OF
HARVEY J. BAZILE
SUITE 205
ONE DAVIS SQUARE
SOMERVILLE, MASSACHUSETTS 02144
E-mail: hbazile@aol.com

HARVEY J. BAZILE, ESQ.

LEGAL ASSISTANTS

MARCUS DARBOUZE
BERLANDE EDOUARD
SIMONE M. BENOIT

TEL. (617) 629-0799
FAX. (617) 629-8571

February 11, 2003

Gary Jacquet
28 Governor Winthrop Street #2
Somerville, MA 02145

Re: **Your Immigration Appeal**

Dear Mr Jacquet:

This letter is to advise you that the Board of Immigration Appeals has denied your appeal. A copy of the decision is enclosed.

This decision represents the final administrative action in your case. You should know that you no longer have the right to request renewal of your employment authorization. You should also know that, if you go to the Immigration and Naturalization Service in an attempt to renew your employment authorization card or to ask questions about your case or any other case, you will be taken into custody for deportation.

I am sorry that the Board of Immigration Appeals did not approve your case. If I can be of assistance to you in the future, do not hesitate to contact me.

Sincerely,

Harvey J. Bazile, Esq.

**TRADIKSYON**

Lettre sa se pour informer ou que Board of Immigration Appeals pran decision contre ou minm concernant ka azil ou an. Mwen voye yon copi decsion an ba ou. Pa gin anyin ou capab fe encore avec ka sa. Si ou ale nan Imigration pou mande pemi travail ou bien pou poser questions concernant ka sa ou bien nimporte lot ka, yap arrete ou pou deporte ou. Moin bien regret ke Board la pa aprouver ka ou la. Pa ezite rele moin si ou ta bezoin pli information.

**U.S. Department of Justice**
**Executive Office for Immigration Review**

**Decision of the Board of Immigration Appeals**

**Falls Church, Virginia 22041**

File: A77-250-837 - Boston

Date: DEC 2 7 2002

In re: JACQUET, GARRY

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Bazile, Harvey J.

ORDER:

PER CURIAM. The respondent has appealed from the Immigration Judge's decision dated September 21, 2001. The respondent argues on appeal that he was denied a reasonable opportunity to present his claim. The record does not support the respondent's contention. Rather, the record reveals that the respondent was presented a reasonable opportunity to present his case and failed to establish that he suffered past persecution on account of one of the five enumerated bases, or that he possesses a well-founded fear of persecution if he returns to Haiti. Accordingly, the appeal is dismissed.

Frederick D Hess

FOR THE BOARD

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A77 250 837 - Boston

Date: OCT 2 2 2003

In re: GARRY JACQUET

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Jeffrey B. Rubin, Esq.

ORDER:

PER CURIAM. The respondent submitted a motion to reopen on July 28, 2003, which was rejected for a filing defect, and filed on August 18, 2003. The Board dismissed the respondent's appeal on December 27, 2002. A motion to reopen in any case previously the subject of a final decision by the Board must be filed within 90 days of the administratively final order. *See* 8 C.F.R. § 1003.2(c)(2). To be timely, the motion had to be filed by March 27, 2003. The motion was therefore filed 4 months late. The Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service) has not responded to the pending motion.

The First Circuit Court of Appeals has suggested that time and numerical limitations on motions to reopen may be equitably tolled. *See Jobe v. INS*, 238 F.3d 96 (1st Cir. 2001) (deadline for seeking to reopen in absentia deportation order possibly subject to equitable tolling based on attorney incompetence). However, despite claims made against his former attorney, the respondent makes no argument that he was not made promptly made aware of our December 27, 2002, decision such that he could file a timely motion. The asserted fact that current counsel was recently retained (Respondent's Mot., at 3) is not a good reason to toll the motions deadline. *See Jobe v. INS*, *supra*, at 100 (diligence in the pursuit of one's rights one factor in determining whether equitable tolling should apply). The motion is, therefore, denied.

FOR THE BOARD