UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

FILED
IN CLERKS OFFICE

2003 DEC -9  A 11: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

GARY JACQUET           )
    Petitioner         )
v.                     )
                       )
Bruce Chadbourne,      )
Interim Field Director )
US Bureau of Immigration )
And Custom Enforcement )
_____)

03-12457 DPW

EMERGENCY MOTION FOR STAY OF REMOVAL

PARTIES

The Appellant/Petitioner, Gary Jacquet is a resident of Massachusetts, and is presently in the custody of the U.S. Bureau of Immigration and Customs Enforcement, at the Suffolk County House of Corrections, Boston, MA.

The Appellee/Respondent is the Interim Field Director for the U.S. Bureau of Immigration and Custom Enforcement, District of Massachusetts.

JURISDICTION

Jurisdiction is granted to to the United States Courts of Appeals and the United States District Courts pursuant to 28 U.S.C. sec. 2241. The Writ of Habeas Corpus can extend to any prisoner who is in custody "in violation of the constitution or laws or treaties of the United States." 28 U.S.C. 2241 (c)(3).

FACTS

Gary Jacquet, a native and citizen of Haiti, applied for Asylum, witholding of Removal and relief under the convention against Torture on account of political opinion and membership in a political social group.

In a decision dated September 21, 2001, the Immigration Judge denied Petitioner's applications. Petitioner subsequently appealed decision to the Board of Immigration Appeals, by virtue of Petitioner's prior Counsel, Harvey J. Basile, Esq., having submitted Petitioner's notice of Appeal to the Board of Immigation Appeals.

Petitioner's Counsel, then filed a two page brief to the Board of Immigration Appeals. Thereafter in a decision dated December 27, 2002, the Board of Immigration Appeals dismissed Petitioner's Appeal concluding that "Petitioner has failed to establish that he suffered past persecution... or

that he possesses a well founded fear of future persecution if he returns to haiti.

On February 11, 2003, Attorney Basile notifies the Petitioner that his BIA Appeal has been dismissed. This notice is outside the 30 day time frame for Petitioner to seek review in the Court of Appeals for Petitions for Review.

The Petitioner retains Attoorney Jeffrey B. Rubin, Esq. who files a Motion to Reopen at the Board of Immigration Appeals which alleges that the trial preparation and Examination of Attorney Basile constituted ineffective assistance of Counsel. Attorney Rubin fails to inform the Board that Attorney Basile did not inform the Petitioner of the Denial timely. On October 22, 2003, the Board of Immigration Appeals denied Petitioner's Motion to Reopen, and specifically refused to toll the time and numerical limitations on motions to reopen.

A second Motion to Reopen was filed by the Petitioner where ineffective assistance of counsel exists for failure to notify the Petitioner of the denial of his appeal within the 30 day time limit, thereby preventing petitioner's ability to seek review in the U.S. Court of Appeals.

A Petition for Habeas Corpus and Stay request was filed on December 8, 2003. This Appeal from the December 9, 2003, denial follows.

ARGUMENT

The Appellant Moves this Honorable Court for the Following Relief:

1. To Stay the Removal of the Petitioner pending the outcome of the Motion to Reopen.

2. To Review the BIA decision not to equitably toll the filing deadline on the first Motion to Reopen. Jobe v. INS F3d. 96 (1Cir. 2001).

The Standard for stay's of Removal are the same as that required for preliminary injunctions. Ralph v. Lucent Technologies, 135 F. 3d. 166, 166-68 (1st. Cir 1999). Here, the Petitioner has a significant risk of irreparable harm if the Injunction is withheld because Petitioner has suffered past persecution and that he possesses a well founded fear of future persecution if he returns to haiti. Petitioner has a substantial likelihood of success on the merits where he demonstrates that Attorney Basile notified him of the Denial beyond the 30 day time limit for Petitions for Review. (See Attachment A).

There exists a favorable balance of the hardship to the Petitioner without any undue burdening delay to the Bureau of Immigration and Customs Enforcement and there exists a public benefit to adjudicate the issues which the Petitioner raises in this Circuit.

For the reasons set forth above, this Court should allow the Stay request, and all other relief that is appropriate with this action.

Respectfully Submitted,

*[signature]* 12/7/03

STEPHEN A. LAGANA, ESQ.
145 Essex Street
Lawrence, MA. 01841

LAW OFFICES OF
# HARVEY J. BAZILE

HARVEY J. BAZILE, ESQ.

**LEGAL ASSISTANTS**

MARCUS DARBOUZE
BERLANDE EDOUARD
SIMONE M. BENOIT

SUITE 205
ONE DAVIS SQUARE
SOMERVILLE, MASSACHUSETTS 02144
E-mail: hbazile@aol.com

TEL. (617) 629-0799
FAX. (617) 629-8571

February 11, 2003

Gary Jacquet
28 Governor Winthrop Street #2
Somerville, MA 02145

Re: **Your Immigration Appeal**

Dear Mr Jacquet:

This letter is to advise you that the Board of Immigration Appeals has denied your appeal. A copy of the decision is enclosed.

This decision represents the final administrative action in your case. You should know that you no longer have the right to request renewal of your employment authorization. You should also know that, if you go to the Immigration and Naturalization Service in an attempt to renew your employment authorization card or to ask questions about your case or any other case, you will be taken into custody for deportation.

I am sorry that the Board of Immigration Appeals did not approve your case. If I can be of assistance to you in the future, do not hesitate to contact me.

Sincerely,

Harvey J. Bazile, Esq.

## TRADIKSYON

Lettre sa se pour informer ou que Board of Immigration Appeals pran decision contre ou minm concernant ka azil ou an. Mwen voye yon copi decsion an ba ou. Pa gin anyin ou capab fe encore avec ka sa. Si ou ale nan Imigration pou mande pemi travail ou bien pou pose questions concernant ka sa ou bien nimporte lot ka, yap arrete ou pou deporte ou. Moin bien regret ke Board la pa aprouver ka ou la. Pa ezite rele moin si ou ta bezoin pli information.

**U.S. Department of Justice**
Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

---

File:   A77-250-837 - Boston

Date:   DEC 2 7 2002

In re:   JACQUET, GARRY

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Bazile, Harvey J.

ORDER:

   PER CURIAM. The respondent has appealed from the Immigration Judge's decision dated September 21, 2001. The respondent argues on appeal that he was denied a reasonable opportunity to present his claim. The record does not support the respondent's contention. Rather, the record reveals that the respondent was presented a reasonable opportunity to present his case and failed to establish that he suffered past persecution on account of one of the five enumerated bases, or that he possesses a well-founded fear of persecution if he returns to Haiti. Accordingly, the appeal is dismissed.

_____
FOR THE BOARD

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A77 250 837 - Boston

Date: OCT - 2 2003

In re:  GARRY JACQUET

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Jeffrey B. Rubin, Esq.

ORDER:

PER CURIAM. The respondent submitted a motion to reopen on July 28, 2003, which was rejected for a filing defect, and filed on August 18, 2003. The Board dismissed the respondent's appeal on December 27, 2002. A motion to reopen in any case previously the subject of a final decision by the Board must be filed within 90 days of the administratively final order. See 8 C.F.R. § 1003.2(c)(2). To be timely, the motion had to be filed by March 27, 2003. The motion was therefore filed 4 months late. The Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service) has not responded to the pending motion.

The First Circuit Court of Appeals has suggested that time and numerical limitations on motions to reopen may be equitably tolled. See Jobe v. INS, 238 F.3d 96 (1st Cir. 2001) (deadline for seeking to reopen in absentia deportation order possibly subject to equitable tolling based on attorney incompetence). However, despite claims made against his former attorney, the respondent makes no argument that he was not made promptly made aware of our December 27, 2002, decision such that he could file a timely motion. The asserted fact that current counsel was recently retained (Respondent's Mot., at 3) is not a good reason to toll the motions deadline. See Jobe v. INS, supra, at 100 (diligence in the pursuit of one's rights one factor in determining whether equitable tolling should apply). The motion is, therefore, denied.

FOR THE BOARD